OPINION
{¶ 1} Plaintiffs-appellants Joseph and Diane Brink appeal the January 25, 2006 Judgment Entry of the Stark County Court of Common Pleas in favor of defendant-appellee Patience Moody.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellee Patience Moody owned property at 4242 Baker Street, East Canton, Ohio. She acquired the property in 1995 following her divorce. In 1999, she spent $8, 500 to waterproof her home.
 {¶ 3} Between July 27, 2003 and July 29, 2003, the sump pumps at the home failed, and the basement flooded with at least ten inches of water. Appellee called the Canton Township Fire Department to assist in pumping the water out of the basement. At trial in this matter, appellee testified she had friends and family remove everything from the basement, including the furniture, which had been "trashed," as well as the hot water tank, which was also destroyed. Appellee replaced all the carpeting, painted some walls, and wallpapered the others.
 {¶ 4} In August 2003, the waterproofing contractor returned and replaced the sump pumps with piggyback sump pumps.
 {¶ 5} Less than a month after the flood, appellee advertised the property for sale. She did not employ an agent; rather, she prepared all the necessary documents on her own, including the Residential Property Disclosure Form.
 {¶ 6} Section D of the Residential Property Disclosure Form states:
 {¶ 7} "Basement/Crawl Space:
 {¶ 8} "Do you know of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space?"
 {¶ 9} Appellee checked the box marked "No."
 {¶ 10} The section continues,
 {¶ 11} "If owner knows of any repairs, alterations or modifications to the property or other attempts to control any water or dampness problem in the basement or crawl space since owning the property (but not longer that the past 5 years), please describe:"
 {¶ 12} Appellee's response stated:
 {¶ 13} "Ohio State Waterproofing with 2 piggy back sump pumps."
 {¶ 14} Section I of the form states:
 {¶ 15} "Drainage
 {¶ 16} "Do you know of any current flooding, drainage, settling or grading problems affecting the property?"
 {¶ 17} Again, appellee checked the box relative to answering "No."
 {¶ 18} The section continues,
 {¶ 19} "If owner knows of any repairs, modifications or alterations to the property or other attempts to control any flooding, drainage, settling or grading problems since owning the property (but not longer than the past 5 years), please describe:"
 {¶ 20} To which, appellee answered:
 {¶ 21} "Ohio State Waterproofing with 2 piggy back sump pumps."
 {¶ 22} Appellants viewed the property on two occasions during the month of September, 2003, at which time appellee gave them a copy of the Disclosure Form.
 {¶ 23} On September 11, 2003, the parties executed a real estate purchase agreement for $159,000, contingent on inspection.
 {¶ 24} Appellants hired an inspector, Roger Baxter, to inspect the home. In his report, Baxter states, "An excessive amount of water was noticed entering into sump during the inspection. Back up pumps are provided but not connected to outlets, etc. Recommend adding spill-over connection line between both crocks on NE corner with separate dedicated outlets for all pumps and battery back-up systems due to the excessive nature of water infiltration. Also, adding a curtain drain may minimize future water infiltration."
 {¶ 25} Baxter testified at trial his ability to fully observe the condition of the walls was limited by the wall coverings. He was unable to detect any signs of flooding or water damage in the basement, but observed "an excessive amount of water entering into the sump pumps."
 {¶ 26} The parties closed on the property on November 3, 2003.
 {¶ 27} Less than a month after appellants purchased the home, they began having water problems in the basement, with a sump pump eventually failing, causing water to overflow. A month later, another sump pump failed, flooding other rooms of the basement.
 {¶ 28} In March, the basement floor began leaking. Appellants hired contractors to remedy the situation. Alan Blau, a licensed real estate appraiser, testified at trial the fair market value of the property was $80,000.
 {¶ 29} Appellants filed a complaint on September 1, 2004, alleging one count of fraud. Following a trial to the bench, the trial court entered judgment in favor of appellee, finding appellants failed to prove any of the elements of fraud, but nevertheless awarded them $6,524 for costs incurred in connection with the basement water problems.
 {¶ 30} Appellants now appeal, assigning as error:
 {¶ 31} "I. THE TRIAL COURT'S DETERMINATION THAT THE BRINKS FAILED TO DEMONSTRATE FRAUD BY MOODY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 32} In the sole assignment of error, appellants assert the trial court's determination was against the manifest weight of the evidence.
 {¶ 33} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 34} The trial court's judgment entry finds appellants failed to prove any of the elements of fraud, and appellee's response to Questions "D" and "I" on the Residential Property Disclosure Form referring to "Ohio State Waterproofing with 2 piggy-back sump pumps" were "incomplete disclosures which failed to disclose the basement flooding which occurred between July 27, 2003 and July 29, 2003." The trial court further found, "Although the disclosure by Defendant was incomplete, it lacked the elements of fraud."
 {¶ 35} To prove fraud, a plaintiff must demonstrate the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and, (6) a resulting injury proximately caused by the reliance. Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475;Martin v. Ohio State Univ. Found. (2000), 139 Ohio App.3d 89, 98.
 {¶ 36} Upon review of the statement of facts above, we find the trial court's decision supported by competent and credible evidence upon which the trier of fact could base his judgment. While we may disagree that none of the elements of fraud were proved, and we agree appellee's statements could/should have been more complete, there is competent, credible evidence supporting the trial court's decision all the elements of fraud have not been met; specifically no intent to mislead.
 {¶ 37} The January 25, 2006 Judgment Entry of the Stark County Court of Common Pleas is affirmed. By: Hoffman, J. Wise, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 25, 2006 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.